**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-1653**

———————————

EMMANUEL KWAME BOATENG,

        Plaintiff – Appellant,

    v.

FAIRFAX POLICE DEPARTMENT,

        Defendant - Appellee.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:12-cv-00055-TSE-TRJ)

———————————

Submitted:  September 27, 2012      Decided:  November 2, 2012

———————————

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Emmanuel Kwame Boateng, Appellant Pro Se. Benjamin Rogers Jacewicz, COUNTY ATTORNEY'S OFFICE, Fairfax, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emmanuel Kwame Boateng appeals the district court's order dismissing his 42 U.S.C. § 1983 (2006) complaint with prejudice. Upon our review, we affirm.

In the district court, the defendant moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Boateng was given notice, at his address of record, of a hearing on the motion to dismiss, and was provided proper notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). However, he did not appear at the hearing. The district court reviewed the record and concluded that Boateng failed to state a claim. The court found, however, that Boateng could potentially state a claim if given the opportunity to re-plead against the actual officers involved in the arrest, none of whom were named as party defendants. Further, the court observed that Boateng could plead additional facts supporting municipal liability. Accordingly, the court encouraged Boateng to obtain counsel. The court granted the motion to dismiss without prejudice, and granted Boateng leave to file an amended complaint no later than 5:00 p.m. Wednesday March 21, 2012. The court expressly stated that if Boateng failed to file an amended complaint on or before that time, an order would issue dismissing his action with prejudice and placing the matter among the ended causes.

2

On March 22, 2012, the district court dismissed the complaint with prejudice because Boateng did not file an amended complaint. Accordingly, as Boateng was given ample notice and opportunity to amend his complaint, we affirm the court's dismissal of his complaint with prejudice. See Boateng v. Fairfax Police Dep't, No. 1:12-cv-00055-TSE-TRJ (E.D. Va. Mar. 22, 2012). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED